FILED IN CHAMBERS
U.S.D.C. - Atlanta

MAY 21 2018

James H. Hatten, Clerk
By: [signature]
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CRAIG L. JONES,<br>　　Petitioner, | ::<br>::<br>:: | PRISONER HABEAS CORPUS<br>28 U.S.C. § 2254 |
| v. | ::<br>:: | |
| CHRISTOPHER CARR et al.,<br>　　Respondents. | ::<br>:: | CIVIL ACTION NO.<br>1:18-CV-1724-ODE |

## ORDER

Petitioner is a state prisoner who, pro se, filed a "NOTICE & DEMAND FOR ORDER TO VACATE VOID JUDGMENT." (Doc. 1 at 1.) The judgment Petitioner seeks to vacate is his judgment of conviction entered in the Superior Court of Thomas County, Georgia. (*Id.*)

Thomas County is within the jurisdiction of the U.S. District Court for the Middle District of Georgia. Before filing this action, Petitioner filed similar actions in that court claiming that his judgment of conviction is void. *See* Pet., *Jones v. McLaughlin*, No. 7:17-cv-149-HL-TQL (M.D. Ga. Sept. 5, 2017); Pet., *Jones v. Georgia*, No. 7:17-cv-116-HL-TQL (M.D. Ga. June 26, 2017).

Apparently because he has not obtained relief in the Middle District, Petitioner filed this action in this Court against two State officials located here. (*See* Doc. 1.) Petitioner does not expressly seek relief under the federal habeas corpus laws, but

instead relies on Federal Rule of Civil Procedure 60 and other laws regarding void judgments. (*Id.*)

Magistrate Judge Walker found that Petitioner cannot obtain relief in federal court from his judgment of conviction except under the federal habeas corpus laws. (Doc. 3.) Judge Walker (and the Clerk) thus construed Petitioner's filing as a petition for a writ of habeas corpus under 28 U.S.C. § 2254, which provides relief from a judgment of conviction entered in state court in violation of the petitioner's rights under federal law. (*Id.*) But because Petitioner's judgment of conviction was entered within the jurisdiction of the U.S. District Court for the Middle District of Georgia, Judge Walker issued a Report and Recommendation ("R&R") that the petition be transferred to that court. (*Id.*) Petitioner filed objections to the R&R. (Doc. 5.)

A district judge must conduct a careful and complete review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982). The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made," 28 U.S.C. § 636(b)(1), while those portions of the R&R for which there is no objection are reviewed only for clear error, *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006); *see* Fed. R. Civ. P. 72(b).

2

Petitioner objects to construing his filing as a habeas petition, arguing that it "is NOT to be perceived as a writ of habeas corpus." (Doc. 5 at 2.) He insists that the filing "is what I have said it is, a demand to vacate a void judgment, and will be treated under the Rule for Relief from Judgment, as in 'the judgment is void.'" (*Id.*)

Federal Rule of Civil Procedure 60 provides relief only from judgments rendered by federal courts, not judgments rendered by state courts. Petitioner is challenging, as void, a judgment rendered by a state court. *See* Fed. R. Civ. P. 60. The R&R correctly concluded that Petitioner can obtain the relief he seeks in federal court only under 28 U.S.C. § 2254. *See McCormick v. City of Florala*, No. 16-17491-A, 2017 WL 6521787, at *2-3 (11th Cir. Oct. 18, 2017) (holding that district court properly construed state prisoner's Rule 60 motion to vacate his judgment of conviction as void as a § 2254 petition). And the § 2254 action must proceed in the Middle District because Thomas County is located there.

Accordingly, Petitioner's objections to the R&R [5] are **OVERRULED**. The Court **ADOPTS** the R&R [3] as the opinion of the Court. This action is **TRANSFERRED** to the U.S. District Court for the Middle District of Georgia, Valdosta Division, for further proceedings.

3

**SO ORDERED** this 21 day of May, 2018.

/s/ Orinda D. Evans
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE