# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

CRAIG L JONES, :
:
        Petitioner, :
:
v. :      Case No. 7:18-cv-00077-HL-TQL
:
CHRISTOPHER CARR, *et al.*, :
:
        Respondent. :

## ORDER

*Pro* se Petitioner Craig L Jones, currently incarcerated in Autry State Prison, submitted a filing in the Northern District of Georgia entitled "Notice & Demand for Order to Vacate Void Judgment or in the Alternative, Recall of Securities Issued in Breach of Fiduciary Duty, Identity Theft by Deception & Human Trafficking." Pet. 1, ECF No. 1. The Northern District construed Petitioner's filing as a petition for writ of habeas corpus and subsequently transferred it to this court. Order 3, May 21, 2018, ECF No. 6. Significant portions of the filing appears to be a photocopy of a document Petitioner previously filed in this Court in *Jones v. State of Georgia*, 7:17-cv-00116-HL-TQL (M.D. Ga.). In that case, this Court initially construed the filing as a petition for writ of habeas corpus. Petitioner contested the characterization and sought to have the filing addressed as presented. On August 25, 2017, the Court dismissed the case without prejudice as frivolous. Petitioner also contests recharacterization in this case.

When a movant objects to a court recharacterizing a filing as a petition for writ of habeas corpus, "the court should not treat the motion as a § 2254 or § 2255 motion but

must rule on the merits of the motion as filed." *Thurston v. Maryland*, 611 F. App'x 112, 113 (4th Cir. 2015) (citing *U.S. v. Emmanuel*, 288 F.3d 644, 648 (4th Cir. 2002)); *Zelaya v. Sec't, Fla. Dept. of Corr.*, 798 F.3d 1360, 1368 (11th Cir. 2015) (noting that district court would have been obligated to construe pleading as presented if Petitioner would have contested recharacterization). At the top of Petitioner's initial filing he handwrote "[t]his is not a habeas corpus." Pet. 1, ECF No. 1. In his objection to transfer, Petitioner states, his filing "is NOT to be perceived as a writ of habeas corpus. It is what I have said it is, a demand to vacate a void judgment, and will be treated under the Rule for Relief from Judgment." Objection 2, ECF No. 5. Petitioner apparently seeks to proceed under Rule 60 of the Federal Rules of Civil Procedure or the state law equivalent and argues that his state criminal sentence is void, presumably under Rule 60(b)(4). As presented, Petitioner's argument is frivolous.

Petitioner brings this action attacking his March 11, 2012, conviction in the Superior Court of Thomas County. Pursuant to Rule 60(b),

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ...; or (6) any other reason justifying relief from the operation of the judgment.

Rule 60(b) of the Federal Rules of Civil Procedure does not apply to criminal judgments. *U.S. v. Mosavi,* 138 F.3d 1365, 1366 (11th Cir. 1998) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case."). The Federal Rules of Civil Procedure

govern actions filed in federal district courts and do not offer relief from state court actions.. *See* Fed. R. Civ. P., Rule 1. Consequently, neither Rule 60 nor the state law equivalent is the appropriate vehicle for contesting a state court criminal judgment in federal court. *See McCormick v. City of Florala*, 2017 WL 6521787, at *2 (11th Cir. 2017).

Moreover, the exclusive remedy available for challenging the fact of Petitioner's conviction or the duration of his confinement is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Petitioner's challenge to his state court criminal conviction is not cognizable given the nature of this action as presented. *Id*. ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.").

Regardless of the statute or theory under which Petitioner seeks relief, his initial filing is frivolous. Petitioner seeks to expose a "fraud" based on the trial court issuing "a security which is providing an income stream" for the trial court and the judge's retirement fund. Pet. 1, ECF No 1. Petitioner continues that the "security was issued by the prosecutor and securitized by the Defendant's Birth Certificate bond Notice & Demand for Order Vacating Void Judgment in violation of the prosecutor's duty to bond the case with the prosecutor's own bond." *Id*. 1-2. Petitioner surmises that his birth certificate was bonded without permission and allowed others to profit from his conviction, thus creating a conflict of interest that denied him due process and deprived the trial court of subject matter jurisdiction. *Id*. Throughout his filing, Petitioner refers to himself as the "Defendant-in-error" who enjoys "sovereign immunity" from all courts and alleges that his

3

criminal trial was actually a "commercial transaction" and the judge conspired to "create a joinder between the Living sentient Man/Woman and fictitious CORPORATE NAME." *Id*. at 4-6.

The contents of Petitioner's notice and demand parallel arguments and legal theories advanced by adherents of the sovereign citizen movement. They propound an ideology that the state judiciary does not have jurisdiction "over a living man," and, instead, jurisdiction exists over "corporations." *Id*. at 9. It is well recognized in the Eleventh Circuit that such arguments have no basis in the law and are frivolous.[1] *See U.S. v. Sterling*, 738 F.3d 228 (11th Cir. 2013) (observing that courts confronted by sovereign citizen arguments summarily rejected their theories as frivolous); *Trevino v. Fla.*, 2017 WL 1806512 (11th Cir. 2017) (per curiam) (affirming dismissal of 1983 action based on sovereign citizens as frivolous and noting that if those theories challenged the conviction, habeas was the proper avenue of relief); *Linge v. State of Georgia, Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) (observing that sovereign citizen theories are "wholly insubstantial and frivolous").

---

[1]In his objection to the Magistrate Judge's recommendation to transfer, Petitioner raised additional claims for relief contesting the legitimacy of the state court indictment upon which he was convicted. Such a claim may be cognizable in a habeas action. Petitioner, however, previously filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his March 22, 2012 conviction. *Jones v. McLaughlin*, 7:17-cv-00149-HL-TQL (M.D. Ga.). His petition was dismissed as untimely. Therefore, to the extent that this action is construed as a petition for writ of habeas corpus, it is **DISMISSED** as successive.

## III. CONCLUSION

Pursuant to the above, Rule 60 of the Federal Rules of Civil Procedure does not provide relief from state court criminal judgments and is not the appropriate vehicle for challenging Petitioner's state court conviction. Petitioner's sovereign citizen legal arguments are also frivolous. This action is **DISMISSED without prejudice.** The exclusive remedy available to attack Petitioner's state court conviction is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Petitioner's motion to proceed *in forma pauperis* is **GRANTED** for purposes of dismissal only.

**SO ORDERED**, this 19th day of July, 2018.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE